**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1970**

In Re:  JIMMIE VANCE GRUBBS,

                    Petitioner.

On Petition for Writ of Mandamus.
(3:06-cr-00048-RJC-CH-1; 3:11-cv-00125-RJC)

Submitted:  November 7, 2012          Decided:  November 29, 2012

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jimmie Vance Grubbs, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmie Vance Grubbs petitions for a writ of mandamus, asking this court to grant sua sponte his 28 U.S.C.A. § 2255 (West Supp. 2012) motion to vacate his conviction and sentence, currently pending in the district court, and to direct his immediate release. We conclude that Grubbs is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Mandamus may not be used as a substitute for appeal. In re Lockheed Martin Corp., 503 F.3d 351, 353 (4th Cir. 2007).

The relief sought by Grubbs is not available by way of mandamus, as he may continue to pursue it via § 2255 in the district court and, if he is dissatisfied with the district court's ultimate ruling, he may seek to appeal in this court. To the extent Grubbs complains of delay by the district court, we find the present record does not reveal undue delay. Accordingly, while we grant leave to proceed in forma pauperis, we deny the mandamus petition. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED