**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1671**

In Re:  EDDY BAILEY,

                    Petitioner.

On Petition for Writ of Mandamus.
(2:10-cv-00129-RAJ-TEM)

Submitted:  September 19, 2013        Decided:  October 4, 2013

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Eddy Bailey, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddy Bailey petitions for a writ of mandamus, seeking an order (1) directing the district court to act on this court's prior opinion remanding his civil action for further proceedings, (2) holding the district court in "contempt of court" for failure to comply with our opinion, and (3) issuing a subpoena for records of his email accounts. We conclude that Bailey is not entitled to mandamus relief.

"Mandamus is a drastic remedy, to be invoked only in extraordinary situations." United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003) (internal quotation marks omitted). Mandamus relief "may not be used as a substitute for appeal." In re Lockheed Martin Corp., 503 F.3d 351, 353 (4th Cir. 2007). To obtain mandamus relief, the petitioner must show that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (internal quotation marks omitted).

Bailey first asserts that the district court has unreasonably delayed in ruling on his civil action following remand. However, the district court issued its final judgment in his case shortly after Bailey petitioned for mandamus relief.

2

Because Bailey has already received the relief he seeks, this portion of his mandamus petition is moot.

Turning to Bailey's remaining requests, we conclude that the relief Bailey seeks is not available by way of mandamus. See Lockheed Martin, 503 F.3d at 353 (mandamus relief may not be used as a substitute for appeal); Braxton, 258 F.3d at 261 (mandamus relief is only available when a party has a clear right to the requested relief).

Accordingly, although we grant Bailey leave to appeal in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED