**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6709**

OLANDER R. BYNUM,

               Petitioner - Appellant,

       v.

HARRY L. ALLSBROOK, JR.,

               Respondent - Appellee.

**No. 18-7168**

OLANDER R. BYNUM,

               Petitioner - Appellant,

       v.

HARRY L. ALLSBROOK, JR.,

               Respondent - Appellee.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:97-hc-00495-H)

Submitted:  December 18, 2018              Decided:  December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

———————————

Olander R. Bynum, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In Appeal No. 18-6709, Olander R. Bynum seeks to appeal the district court's order denying as untimely his Fed. R. Civ. P. 59(e) motion to amend the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Bynum has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal.

Bynum has also filed a petition for a writ of mandamus in this appeal, alleging that the district court has unduly delayed in ruling on his motion for release pending appeal and seeks an order from this court directing the district court to act. The district court denied

---

[*] We conclude that the district court lacked jurisdiction over Bynum's Rule 59(e) motion, as it was clearly an unauthorized second or successive 28 U.S.C. § 2254 petition. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

Bynum's motion on September 6, 2018. *Bynum v. Allsbrook*, No. 5:97-hc-00495-H (E.D.N.C., PACER No. 26). This request is therefore moot. Bynum also seeks an order from this court directing the district court to release him from prison. However, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Accordingly, we deny the petition for writ of mandamus.

In Appeal No. 18-7168, Bynum appeals the district court's order denying his motion for leave to file a motion for release pending appeal. We conclude that the dismissal of Bynum's appeal in No. 18-6709 renders this appeal moot. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*