**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1750**

In re:  DANIEL REDD,

                    Petitioner.

On Petition for Writ of Mandamus.  (1:11-cr-00371-ELH-1)

**No. 19-6146**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

DANIEL REDD,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Ellen L. Hollander, District Judge.  (1:11-cr-00371-ELH-1)

Submitted:  March 27, 2019                          Decided:  May 9, 2019

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

No. 18-1750, petition denied; No. 19-6146, dismissed by unpublished per curiam opinion.

————————————

Daniel Redd, Petitioner/Appellant Pro Se.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals are before the court for disposition. In No. 18-1750, Daniel Redd appears to seek a writ of mandamus and a writ of error pursuant to 28 U.S.C. § 1651(a) (2012), complaining of various procedural actions by the district court as well as the district court's delay in deciding his § 2255 motion to vacate. We conclude that Redd is not entitled to relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). To obtain a writ of error under § 1651(a), the petitioner must show that a more usual remedy is unavailable; there is a "valid basis" for not having challenged his conviction earlier; "the consequences flowing to the petitioner from his convictions [are] sufficiently adverse to satisfy Article III's case or controversy requirement;" and, "the error . . . must be of the most fundamental character." *Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013) (internal quotation marks omitted).

Upon review, we find that Redd has failed to establish his entitlement to relief under either provision as his complaints may be, and have been, raised in his appeal of the district court's order denying his 28 U.S.C. § 2255 (2012) motion to vacate. To the extent that Redd seeks mandamus relief based on the district court's delay, because the district court has decided his case, we find the mandamus petition to be moot.

3

Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus and the motion for a writ of error.

In No. 19-6146, Redd seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Redd has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in No. 19-6146.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 18-1750, PETITION DENIED;*
*No. 19-6146, DISMISSED*

4