**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: LOCKHEED MARTIN
CORPORATION,

*Petitioner.*

No. 06-1344

On Petition for Writ of Mandamus.
(8:05-cv-01992-AW)

Argued: January 31, 2007

Decided: September 27, 2007

Before TRAXLER and GREGORY, Circuit Judges, and
WIDENER,[1] Senior Circuit Judge.

Petition granted by published opinion. Judge Traxler wrote the opinion, in which Judge Gregory joined.

### COUNSEL

Stanley McDermott, III, DLA PIPER US, L.L.P., New York, New York, for Petitioner. James Wilson Bartlett, III, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Respondent.

---

[1]Judge Widener heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

**OPINION**

TRAXLER, Circuit Judge:

At issue in this case is the right to a jury trial in an admiralty case. Lockheed Martin owns a ship that was damaged at sea, and a dispute over insurance coverage arose between Lockheed and its insurer, National Casualty Company. National filed a declaratory judgment action in district court, designating the action as one proceeding under the court's admiralty jurisdiction and thus without a jury. Lockheed asserted compulsory counterclaims and requested a jury trial. The district court struck Lockheed's request for a jury trial, and Lockheed filed this petition for writ of mandamus, arguing that it has a Seventh Amendment right to a jury trial. We grant the petition, issue the writ, and remand with directions that the district court grant Lockheed's jury demand.

I.

The relevant facts of this case are fairly simple. Lockheed owned a ship that was damaged at sea in June 2001. The ship was insured by National Casualty Company. In April 2005, Lockheed submitted a claim for more than $2,600,000 in damages. Lockheed informed National that it intended to file suit by July 29, 2005, unless National acknowledged that the policy established a six-year statute of limitations.

On July 22, 2005, National preemptively filed a declaratory judgment action seeking a declaration that Lockheed's claims were time-barred under the policy. In accordance with the rules governing admiralty claims, National designated its action as a non-jury admiralty claim. National later amended its complaint, seeking in the alternative a declaration of Lockheed's amount of loss. Lockheed filed an answer and asserted a counterclaim seeking payment for the damage to the ship. Lockheed requested a jury trial on its counterclaim.

Lockheed later filed a motion for judgment on the pleadings. Lockheed asserted that National's first request for declaratory relief (that the claims were untimely) should be dismissed because Lockheed's

claim was timely under the policy. Lockheed then argued that the district court should exercise its discretion and dismiss National's second request for declaratory relief (for a determination of the amount of loss), so that Lockheed's counterclaim (which raised the same issue) could be tried by a jury.

The district court concluded that the policy established a six-year limitations period, and the court therefore dismissed National's first request for declaratory relief. The district court, however, concluded that Lockheed did not have a right to a jury trial. The court therefore declined to dismiss National's second request for declaratory relief, and the court struck Lockheed's jury demand. Lockheed then filed this petition for a writ of mandamus, arguing that the district court's ruling improperly deprived it of its right to a jury trial.

## II.

Before considering the merits of Lockheed's claims, we pause to address a threshold issue raised by National. It is well established that mandamus is a drastic remedy that should only be used in extraordinary circumstances and may not be used as a substitute for appeal. *See, e.g.*, *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Catawba Indian Tribe of South Carolina*, 973 F.2d 1133, 1136 (4th Cir. 1992). National contends that Lockheed could raise the jury trial issue on appeal from a final judgment, *see First Nat'l Bank of Waukesha v. Warren*, 796 F.2d 999, 1006 (7th Cir. 1986), and that Lockheed's resort to mandamus is therefore improper. We disagree.

In this circuit, a petition for a writ of mandamus is the proper way to challenge the denial of a jury trial. *See General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 194 (4th Cir. 1964) ("We are inclined to the view that General's petition for Writ of Mandamus is properly before us for consideration since the question presented pertains to a denial of the constitutional right to trial by jury."); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959) ("[T]he right to grant mandamus to require jury trial where it has been improperly denied is settled."). Because Lockheed's petition for a writ of mandamus is a proper vehicle for challenging the district court's decision, we now turn to the merits of Lockheed's claims.

## III.

Lockheed contends that it has a Seventh Amendment right to a jury trial of its breach of contract claims asserted against National. Before we consider the specifics of Lockheed's claims, it is helpful to outline the legal framework under which the claims must be analyzed.

### A.

The Seventh Amendment preserves the right to a jury trial "[i]n suits at common law." U.S. Const. amend. VII. The Seventh Amendment's guarantee of a jury trial, however, applies only to cases *at law*, a category that does not include *maritime* cases. *See Waring v. Clarke*, 46 U.S. (5 How.) 441, 460 (1847). Thus, in general terms, the Seventh Amendment creates no constitutional right to a jury trial of maritime claims.[2] *See Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963); *see also Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 152-53 (4th Cir. 1995) ("While the Seventh Amendment guarantees a jury trial in cases 'at common law,' no constitutional provision guarantees, or indeed prohibits, jury trials for cases tried in equity or in admiralty.").

The role of a jury trial in admiralty cases, however, is complicated by the "saving to suitors" clause of 28 U.S.C.A. § 1333 (West 2006). Section 1333 states that "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." 28 U.S.C.A. § 1333(1) (emphasis added).

The Supreme Court has explained that the saving-to-suitors clause preserves a plaintiff's right to a common law remedy "in all cases where the common law is competent to give it." *Leon v. Galceran*, 78 U.S. (11 Wall.) 185, 191 (1870) (internal quotation marks omitted).

---

[2]Congress has created a statutory right to jury trial in certain admiralty cases. *See* 28 U.S.C.A. § 1873 (establishing right to jury trial for admiralty tort or contract cases involving certain Great Lakes shipping and coasting trade vessels); 46 U.S.C.A. § 30104(a) (giving injured seamen a right to a jury trial in Jones Act cases).

The common law is "competent" in cases proceeding *in personam*, but not those proceeding *in rem*. *See id.*; *Madruga v. Superior Court of California*, 346 U.S. 556, 560-61 (1954). Accordingly, while "federal courts have exclusive jurisdiction over *in rem* actions, federal and state courts have concurrent jurisdiction over *in personam* actions, and the effect of the clause is to give an *in personam* plaintiff the choice of proceeding in an ordinary civil action, rather than bringing a libel in admiralty." *In re: Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996) (citation and internal quotation marks omitted).

The effect of the saving-to-suitors clause as interpreted by the Supreme Court is to give a maritime plaintiff several options when bringing suit:

> First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject matter jurisdiction over admiralty, maritime, and prize cases set out in Section 1333. Neither diversity of citizenship nor a minimum amount in controversy need be shown under the statute. On the other hand, most plaintiffs have no right to a trial by jury if they invoke the federal court's general admiralty jurisdiction. Second, by virtue of the "saving clause," plaintiff also may sue at law in a state court or in a United States district court. However, to pursue the latter choice, the requirements of diversity of citizenship and jurisdictional amount must be satisfied.

*Id.* (quoting 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3672, at 431-33 (1985)); *see also Concordia Co. v. Panek*, 115 F.3d 67, 70 (1st Cir. 1997); *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997).

Perhaps the most important aspect of an admiralty plaintiff's right to proceed "at law" in state or federal court is the right to demand a jury trial. *See Ghotra*, 113 F.3d at 1054 ("The difference between [proceeding in admiralty or at law in state or federal court] is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court."). An admiralty

plaintiff who chooses to proceed "at law," whether in state or federal court, thus has the right under the saving-to-suitors clause to demand a jury trial.

The procedures for invoking the federal court's admiralty jurisdiction are governed by Rule 9(h) of the Federal Rules of Civil Procedure. Rule 9(h) provides that:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. . . .

Fed. R. Civ. P. 9(h). In this case, National designated its declaratory judgment action as one proceeding in admiralty.

### B.

We turn now to Lockheed's claim that it is entitled to a jury trial. Lockheed argues that because it asserted an *in personam* counterclaim against National, the parties are diverse and the amount-in-controversy requirement is satisfied, it has the right under the saving-to-suitors clause to demand a jury trial on the counterclaim. Lockheed also contends that it has a right to a jury trial under *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), in which the Supreme Court held that the right to a jury trial in a declaratory judgment action depends on whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle. *See id.* at 504.

As to Lockheed's counterclaim argument, National contends that Lockheed's counterclaim is not a true counterclaim, but is merely the flip side of National's declaratory judgment claim. National seeks a declaration that there is no coverage and a declaration of the amount

owed if there is coverage, and Lockheed asserts in the counterclaim that there is coverage and that the loss amount is more than National will admit. National argues that if this kind of in-name-only counterclaim is enough to require a jury trial in an admiralty case, then the plaintiff's historic right to decide whether to proceed in admiralty will be eviscerated. And even if Lockheed's counterclaim is a true counterclaim, National argues that its Rule 9(h) admiralty designation is controlling and prevents Lockheed from obtaining a jury trial. As to Lockheed's *Beacon Theatres* argument, National contends that *Beacon Theatres* involved common law claims for which there is a Seventh Amendment right to a jury trial and that the Supreme Court's decision in that case was driven by a need to protect the defendant's constitutional right to a jury trial. *See Beacon Theatres*, 359 U.S. at 510-11. This case, by contrast, involves admiralty claims, for which there is no constitutional right to a jury trial. National thus contends that *Beacon Theatres* is simply inapplicable to this case.

At the heart of National's position is its view that the Seventh Amendment is inapplicable to admiralty claims. While it is correct that the Seventh Amendment does not create a right to a jury trial on maritime claims, we believe that National's position oversimplifies the matter.

As discussed above, the effect of the saving-to-suitors clause is to permit maritime *in personam* claims to be pursued in federal court as maritime (and thus non-jury) claims, in state court as legal claims, or in federal court as legal claims (for which a jury trial is available) if an independent basis for federal court jurisdiction exists. If an admiralty claim is tried "at law," the claim nonetheless remains an admiralty claim, and substantive admiralty law governs the disposition of the claim. *See, e.g.*, *Zych v. Unidentified, Wrecked & Abandoned Vessel*, 941 F.2d 525, 533 n.12 (7th Cir. 1991) (explaining that the saving-to-suitors clause creates "an area of concurrent jurisdiction for admiralty cases which can be pursued *in personam* in state court. However, federal law must be applied to these state court suits because they remain admiralty cases."). That such claims remain admiralty claims, however, does not mean that the Seventh Amendment is inapplicable.

In *Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355 (1962), a longshoreman injured while unloading cargo

brought suit against the owners of the ship carrying the cargo. Diversity jurisdiction existed, and the plaintiff designated the action as one at law and demanded a jury trial. The vessel owners impleaded the stevedore for whom the longshoreman worked, arguing that the stevedore was negligent as to the manner in which the vessel was unloaded and that the stevedore should indemnify the vessel owners if they were found liable to the longshoreman. Answering special interrogatories, the jury found the vessel owners liable but found no fault on the part of the stevedore. On appeal, the circuit court affirmed the jury's verdict against the vessel owners but reversed the judgment in favor of the stevedore, concluding that the stevedore was negligent as a matter of law. *See id.* at 357-58.

The Supreme Court reversed the decision of the circuit court. The Court explained that "[t]he requirements of the Seventh Amendment were brought into play in this case, even though a stevedoring contract is a maritime contract." *Id.* at 359. The Court held that "[t]his suit being in the federal courts by reason of diversity of citizenship carried with it, of course, the right to trial by jury," *id.* at 360, and that the manner in which the circuit court rejected the jury verdict violated the Seventh Amendment's prohibition against the re-examination of facts found by a jury.[3] *See id.* at 364.

In our view, *Ellerman* makes it clear that the Seventh Amendment applies to admiralty claims that are tried "at law" by way of the saving-to-suitors clause. *See id.* at 359-60; *see also Vodusek*, 71 F.3d at 152-53 (recognizing that the Seventh Amendment applies to admiralty claim that is cognizable at law); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1041 (8th Cir. 1983) (same). There is an important difference, however, between *Ellerman* and the case at bar. Whereas in *Ellerman* the plaintiff elected to proceed at law, the plaintiff here elected to proceed in admiralty. We do not believe, at least in this case, that this factual difference is relevant.

Generally speaking, the right to determine whether a claim will proceed as an admiralty claim (without a jury) or as a common law

---

[3]*See* U.S. Const. amend. VII ("[N]o fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.").

claim (with a jury) belongs strictly to the plaintiff. That is, if a plaintiff designates his claim as a Rule 9(h) maritime claim, the saving-to-suitors clause does not permit a defendant to trump that designation and demand a jury trial. *See Waring*, 46 U.S. at 461 ("The saving is for the benefit of suitors, plaintiff and defendant, when the plaintiff in a case of concurrent jurisdiction chooses to sue in the common law courts, so giving to himself and the defendant all the advantages which such tribunals can give to suitors in them. It certainly could not have been intended more for the benefit of the defendant than for the plaintiff, *which would be the case if he could at his will force the plaintiff into a common law court . . . .*" (emphasis added)); *see also Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005) (concluding that defendant had no right to a jury trial even though parties were diverse because plaintiff elected to proceed in admiralty). While this principle governs simple proceedings—*e.g.*, proceedings where the defendant does not assert any counterclaims or implead third parties—there is some dispute about its application to more complex cases.

In cases involving counterclaims or cross-claims that could proceed at law, courts are divided on the question of whether the plaintiff's Rule 9(h) admiralty designation prevents the defendant from obtaining a jury trial. Some courts have concluded that the plaintiff's Rule 9(h) designation is controlling and that no jury trial is permitted. *See, e.g.*, *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 987 (5th Cir. 1978) (concluding that the plaintiff's Rule 9(h) election prohibited a jury trial of legal claims raised in third-party complaint: "[W]e refuse to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant."); *Windsor Mount Joy Mut. Ins. Co. v. Johnson*, 264 F. Supp. 2d 158, 162 (D.N.J. 2003) (concluding that plaintiff's Rule 9(h) election to proceed in admiralty jurisdiction could not be "undone . . . through the assertion of a counterclaim that might have been subject to the Court's jurisdiction under Section 1332 and a jury trial if brought in a separate action"); *Camrex (Holdings) Ltd. v. Camrex Reliance Paint Co.*, 90 F.R.D. 313, 317 (E.D.N.Y. 1981) (concluding that a "plaintiff's election to sue on an admiralty or maritime claim as the basis for federal jurisdiction binds the parties in the lawsuit to the inevitable procedural consequence of a court trial, . . . even where a 'legal' counterclaim has been interposed" (citation omitted)).

Other courts, however, have concluded that a plaintiff's Rule 9(h) designation cannot trump the defendant's Seventh Amendment right to a jury trial on a legal counter- or cross-claim. *See, e.g.*, *Wilmington Trust v. United States Dist. Court*, 934 F.2d 1026, 1032 (9th Cir. 1991) (concluding that the plaintiff's "election to proceed in admiralty does not deprive the Union of a jury trial on the Union's properly joined [counter]claims"); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1041-42 (8th Cir. 1983) (concluding that intervenor-defendant had the right to a jury trial on its breach of contract counterclaim notwithstanding the fact that the plaintiff elected under Rule 9(h) to proceed on its claims in admiralty); *Sphere Drake Ins. PLC v. J. Shree Corp.*, 184 F.R.D. 258, 261 (S.D.N.Y. 1999) (concluding that defendant asserting compulsory legal counterclaims was entitled to a jury trial even though plaintiff had elected to proceed in admiralty).

In our view, allowing a plaintiff's Rule 9(h) designation to preclude a jury trial on compulsory legal counter- or cross-claims effectively and improperly elevates the traditional mode of trial in admiralty (a bench trial) to a right *not* to proceed before a jury. While the Constitution does not give an admiralty plaintiff the right to a jury trial, it likewise does not give the plaintiff a right to a bench trial. *See Fitzgerald*, 374 U.S. at 20 ("While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases." (footnotes omitted)); *Vodusek*, 71 F.3d at 152-53. To permit the plaintiff's choice of a customary but not constitutionally required mode of trial to prevent a defendant from taking advantage of his constitutionally guaranteed mode of trial is inconsistent with the Supreme Court's admonition that the Seventh Amendment right to a jury trial must be preserved "wherever possible." *Beacon Theatres*, 359 U.S. at 510.

As noted above, however, National contends that the counterclaims asserted by Lockheed are not true counterclaims. National contends that Lockheed's claims are simply the flip side of National's own claims and add no new issue to the litigation. National argues that permitting a jury trial on the basis of such claims would eviscerate the admiralty plaintiff's traditional right to control the manner in which

his claims will be tried. We agree with National that permitting such counterclaims to effectively undo the plaintiff's Rule 9(h) designation would be inconsistent with the historic admiralty practice of giving the plaintiff the power to determine the manner in which his claims would be tried. We need not decide, however, whether the counterclaims asserted by Lockheed are "true" counterclaims, nor need we decide how a defendant's jury demand would be resolved if his counterclaims were not true counterclaims. We need not consider these issues because we agree with Lockheed that *Beacon Theatres* requires a jury trial in this case, even if no counterclaims had been filed.

In *Beacon Theatres*, Beacon notified Fox West Coast Theatres that it believed Fox was violating the Sherman Act. Fox thereafter brought a declaratory judgment action seeking a declaration that its conduct did not violate the Sherman Act. Beacon answered and counterclaimed, seeking treble damages under the Sherman Act and demanding a jury trial. The district court concluded that Fox's declaratory judgment claims were equitable in nature and that a bench trial on the issues raised in Fox's complaint would be held *before* a jury considered Beacon's treble-damages claim. *See id.* at 502-04. The Supreme Court held that the district court erred by viewing Fox's claims as equitable. The Court explained that the Declaratory Judgment Act,

> while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties. *It follows that if Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first.* Since the right to trial by jury applies to treble damage suits under the antitrust laws, and is, in fact, an essential part of the congressional plan for making competition rather than monopoly the rule of trade, the Sherman and Clayton Act issues on which Fox sought a declaration were essentially jury questions.

*Id.* at 504 (emphasis added; footnote and internal citation omitted).

This case, like *Beacon Theatres*, involves a declaratory judgment action commenced by the party that, but for the existence of the

declaratory judgment procedure, would have been the defendant. Although the action sounds in admiralty, that is only because National won the race to the courthouse door and made the Rule 9(h) designation first. *Beacon Theatres*, however, requires us to ignore National's status as the declaratory judgment plaintiff and to instead look to how the action otherwise would have proceeded. Without the declaratory judgment vehicle, Lockheed would have sued National for breach of the insurance policy, a claim over which admiralty and "law" courts have concurrent jurisdiction. As the plaintiff, Lockheed would have been entitled under the saving-to-suitors clause to designate its claim as a legal one as to which there is a Seventh Amendment right to jury trial.

Contrary to National's contention, we do not believe that *Beacon Theatres* can be distinguished on the ground that it involved legal claims to which the Seventh Amendment applies, while this case involves admiralty claims as to which there is no Seventh Amendment right to a jury trial. Preliminarily, we note that, as explained above, it is an oversimplification to say that the Seventh Amendment does not apply in admiralty. While the Seventh Amendment is not applicable to an admiralty *claim*, it can be applicable to certain claims —those over which the "law" court has concurrent jurisdiction.

Moreover, it is rather circular to contend, as National effectively does, that *Beacon Theatres*' method for determining whether there is a right to a jury trial applies only in cases where there in fact is a right to a jury trial. "Actions for declaratory judgments are neither legal nor equitable, and courts have therefore had to look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284 (1988)); *see also Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 649 (7th Cir. 2002) ("If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit—an action brought by one who would have been a defendant at common law—then the parties have a right to a jury." (internal quotation marks omitted)). There is nothing in *Beacon Theatres* that suggests that this inquiry does not apply when the declaratory judgment action is brought in an admiralty case. The Court's decision in *Beacon Theatres* was driven by the need to protect Seventh Amendment rights.

Because the Seventh Amendment is implicated in some admiralty cases (cases where there are claims that may be at law), we believe that the *Beacon Theatres* approach must be applied to such cases. *See, e.g.*, *Wilmington Trust*, 934 F.2d at 1031-32 (applying *Beacon Theatres* to conclude that admiralty cross-claimant was entitled to a jury trial notwithstanding plaintiff's Rule 9(h) designation); *Sphere Drake*, 184 F.R.D. at 261 (same).

At issue in this case is a dispute over whether an insurer is obligated to indemnify its insured for damage sustained by an insured vessel. In the usual course of events—that is, without the declaratory judgment vehicle—Lockheed would have sued National for breach of the insurance contract. And under the saving-to-suitors clause, Lockheed would have been entitled to a jury trial on that claim. Accordingly, under *Beacon Theatres*, Lockheed cannot lose its right to a jury trial simply because National initiated the declaratory judgment action.

## IV.

Because Lockheed is entitled to a jury trial, the district court erred by striking Lockheed's jury demand. We therefore grant Lockheed's petition for the issuance of a writ of mandamus and we direct the district court on remand to try the case before a jury.

*PETITION FOR WRIT OF MANDAMUS GRANTED*