**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-1085**

———————

In re: SAVINO BRAXTON,

      Petitioner.

———————

On Petition for Writ of Mandamus. (1:09-cr-00478-JKB-1)

———————

**No. 18-6030**

———————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.

SAVINO BRAXTON,

      Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:09-cr-00478-JKB-1)

———————

Submitted: March 29, 2018                     Decided: April 3, 2018

———————

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

No. 18-1085, Petition denied, and No. 18-6030, Dismissed by unpublished per curiam opinion.

―――――――――

Savino Braxton, Petitioner/Appellant Pro Se.  John Francis Purcell, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 18-1085, Savino Braxton petitions for a writ of mandamus, seeking an order barring both a district court judge and an Assistant United States Attorney from participation in Braxton's 28 U.S.C. § 2255 (2012) motion. Mandamus is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Further, mandamus is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). Braxton has not established a clear right to the relief sought. Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus.

In No. 18-6030, Braxton seeks to appeal the district court's order denying his motion seeking the recusal of the district court judge and the Assistant United States Attorney from the § 2255 motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Braxton seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction.

3

The motions for appointment of counsel are denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 18-1085, PETITION DENIED;*
*No. 18-6030, DISMISSED*

4