**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2229**

In re: WILLIAM SCOTT DAVIS, JR., a/k/a William Scott Davis, II,

Petitioner.

**No. 20-2240**

In re: WILLIAM SCOTT DAVIS, JR., a/k/a William Scott Davis, II,

Petitioner.

**No. 20-2301**

In re: WILLIAM SCOTT DAVIS, JR.,

Petitioner.

On Petitions for Writ of Mandamus. (5:14-cr-00240-BR-1)

Submitted: March 23, 2021                    Decided: March 26, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

---

William Scott Davis, Jr., Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Scott Davis, Jr., has filed several petitions for a writ of mandamus that: (1) raise several claims challenging his conviction and sentence; (2) seek the recusal of the district court judge; and (3) challenge the district court's orders, entered in 2017 and 2018 in Davis' criminal case, instructing the district court clerk not to docket his pro se filings. We conclude that Davis is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795. Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

Davis has not shown that he is entitled to the drastic remedy of mandamus. To the extent Davis challenges his conviction and sentence, he must bring these claims in a 28 U.S.C. § 2255 motion or 28 U.S.C. § 2241 petition. While Davis claims that the district judge is biased, his claims of bias are simply based on his dissatisfaction with the judge's rulings. Finally, the district court's orders in 2017 and 2018 were entered to stop Davis from filing pro se motions while his case was awaiting sentencing and while Davis was represented by counsel. This action was well within the district court's discretion. Moreover, Davis should have challenged these orders on direct appeal and may not use mandamus as a substitute for his failure to do so.

Accordingly, we deny the petitions for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*