**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1252**

In re:  CURTIS WATSON, a/k/a Low,

 Petitioner.

On Petition for Writ of Mandamus.  (2:18-cr-00279-1)

Submitted:  June 29, 2021                    Decided:  July 1, 2021

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Curtis Watson, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Watson petitions for a writ of mandamus seeking an order compelling the district court to conduct a hearing and release him pursuant to 18 U.S.C. § 3164(b). We conclude that Watson is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

In the district court, Watson filed a pro se 18 U.S.C. § 3164(b) motion for release on bail making the same argument as he does in his present petition. The district court denied his motion because he was represented by counsel. Because Watson's petition functionally seeks to appeal the district court's order denying his motion for release on bail, the relief sought by Watson is not available by way of mandamus. *See In re Lockheed Martin Corp.*, 503 F.3d at 353. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*