**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-1824**

─────────────

In re:  XAVIER MILTON EARQUHART, a/k/a Xavier Smart, a/k/a Xavier Akpan Smart, a/k/a Xzavier Erquhart, a/k/a Xzayvier Ernhart, a/k/a David Imrich, a/k/a Kevin Liols, a/k/a Michael Powell, a/k/a Melvin Hailstones, a/k/a Rety Humos, a/k/a Milton Monn,

Petitioner.

─────────────

On Petition for Writ of Mandamus.  (5:17-cr-00134-BR-1)

─────────────

Submitted:  September 14, 2021                    Decided:  September 17, 2021

─────────────

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Xavier Milton Earquhart, Petitioner Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Milton Earquhart petitions for a writ of mandamus seeking an order directing the district court to dismiss the superseding indictment, vacate his convictions, and return seized property to him. We conclude that Earquhart is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). Finally, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

The relief sought by Earquhart is not available by way of mandamus. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*