**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1645**

In re:  ANTHONY W. ELLIOTT,

Petitioner.

On Petition for Writ of Mandamus.  (2:20-cv-00214-AWA-RJK)

Submitted:  September 14, 2021                     Decided:  September 20, 2021

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Anthony W. Elliott, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony W. Elliott petitions for a writ of mandamus, requesting that this court hold an emergency hearing to investigate the merits of the civil rights claims he currently has pending in the district court.* We conclude that Elliott is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires," *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted), and mandamus may not be used as a substitute for appeal, *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

The relief sought by Elliott is not available by way of mandamus. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

* Petitioner captioned his filing as a petition for writ of error. Under Va. Code section 19.2-320, a petition for writ of error is a filing directed to a state appellate court, rather than a federal appellate court. Accordingly, we have interpreted the petition as one seeking mandamus or other extraordinary writ under 28 U.S.C. § 1651 and Fed. R. App. P. 21.