**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1993**

In re: TERRON GERHARD DIZZLEY,

Petitioner.

On Petition for Writ of Mandamus
(No. 8:19-cv-02665-JD)

Submitted: November 18, 2021                    Decided: November 19, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Terron Gerhard Dizzley, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terron Gerhard Dizzley petitions for a writ of mandamus seeking an order assigning him to a specific prison dormitory and directing prison officials to provide him certain medical treatment. We conclude that Dizzley is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires," *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted), and mandamus may not be used as a substitute for appeal, *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).[*]

The relief sought by Dizzley is not available by way of mandamus. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Before Dizzley filed the subject petition, the district court accepted the magistrate judge's recommendation and denied relief on Dizzley's 42 U.S.C. § 1983 action in which he alleged that Defendants violated his constitutional rights by placing him in unsanitary and dangerous living conditions in retaliation for filing of grievances. Dizzley's appeal of the district court's order is currently pending in this court. No. 21-7270, *Dizzley v. Pate.*

2