**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1149**

In re:  ADRIAN PAULINO, a/k/a AD, agent of Gordo,

Petitioner.

On Petitions for Writ of Mandamus.  (2:15-cr-00154-AWA-DEM-1)

Submitted:  April 19, 2022                                        Decided:  May 2, 2022

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Adrian Paulino, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Paulino petitions for a writ of mandamus requesting that we review several rulings in his criminal proceeding and the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He also accuses the district court judge of displaying bias and colluding with the prosecution, allegations we construe as a request for an order directing the judge to recuse herself. We conclude that Paulino is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (cleaned up).

We conclude that Paulino is not entitled to mandamus relief regarding his request for review of the challenged rulings in his criminal proceeding and the denial of his motion for compassionate release. Mandamus relief is not a substitute for appeal, *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007), and the proper vehicle for raising ineffective-assistance and prosecutorial-misconduct claims is a 28 U.S.C. § 2255 motion. While mandamus may be used to seek recusal of a district court judge, *see In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987), we conclude that Paulino's conclusory assertions of bias and collusion, based on his dissatisfaction with the judge's adverse rulings, are insufficient to warrant recusal, *see Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011).

Accordingly, we deny Paulino's petition and supplemental petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*