**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-1444**

─────────────

In re:  WALTER JAMES BROWN, II, a/k/a J Chill,

Petitioner.

─────────────

On Petition for Writ of Mandamus.  (7:08-cr-00150-D-1)

─────────────

Submitted:  May 24, 2022                                      Decided:  June 2, 2022

─────────────

Before WYNN, DIAZ, and QUATTLEBAUM, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Walter James Brown, II, Petitioner Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter James Brown, II, petitions for writs of mandamus and prohibition seeking an order directing the district court to reduce his criminal sentence. He also seeks recusal of the district judge. We conclude that Brown is not entitled to relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.,* 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (cleaned up). Similarly, a writ of prohibition "is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983).

We conclude that Brown is not entitled to relief because he has failed to show a clear right to relief with respect to the challenged ruling in his criminal proceeding. Further, neither mandamus relief nor a writ of prohibition is a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007); *Vargas*, 723 F.2d at 1468. Finally, while mandamus may be used to seek recusal of a district judge, *see In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987), we conclude that Brown's conclusory assertions of bias are insufficient to warrant recusal, *see Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011).

Accordingly, we deny the petition for writs of mandamus and prohibition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*