**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2065**

---

In re: LINWOOD EARL DUFFIE,

        Petitioner.

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:20-ct-03229-FL)

---

Submitted:  November 16, 2023                    Decided:  November 21, 2023

---

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Linwood Earl Duffie, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Earl Duffie petitions for a writ of mandamus seeking an order directing the district court to allow Duffie to amend his complaint in the underlying 42 U.S.C. § 1983 action and to liberally construe that complaint. Duffie has also filed a motion asking that we issue a preliminary injunction ordering the United States Attorney General "to serve his full civil and criminal investigation" into the North Carolina Legislature's "conspir[acy] to cause [the] habitual felon class to complete unlawful enhanced sentence[s] during [the] . . . pandemic." (ECF No. 7 at 1). We deny the requested relief.

As to the mandamus petition, mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (cleaned up). Further, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). The relief that Duffie seeks is not available by way of mandamus, and he otherwise fails to establish a clear right to the relief he seeks. We therefore deny the mandamus petition.

Next, we conclude that Duffie's motion for a preliminary injunction fails to satisfy the stringent requirements necessary for the requested relief. *See Miranda v. Garland*, 34 F.4th 338, 358 (4th Cir. 2022) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." (internal quotation marks omitted)).  Accordingly, we also deny the motion for a preliminary injunction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*