**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1088

In re: MAWULE TEPE,

Petitioner.

On Petition for a Writ of Mandamus, a Writ of Quo Warranto, and Writ of Prohibition to the United States District Court for the Western District of North Carolina, at Charlotte. (3:23-cv-00423-RJC-DCK)

Submitted:  February 20, 2024                    Decided:  November 5, 2024

Before KING, WYNN, and BENJAMIN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mawule Tepe, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mawule Tepe petitions for a writ of mandamus and a writ of prohibition, seeking an order from this court directing the district court to schedule a case management conference while appeal No. 23-1976 is pending and to hold a hearing on pending motions, directing several Defendants in his civil action to show cause, prohibiting several Defendants in the action from representing themselves pro se, prohibiting several attorneys from representing any person in the action, prohibiting the magistrate judge from presiding over the action, and directing the district court to assign a different and impartial judge to the action. Tepe also petitions for a writ of quo warranto, seeking an order from this court directing the magistrate judge and district court to demonstrate their authority to act. We conclude that Tepe is not entitled to mandamus, prohibition, or quo warranto relief.

Writs of mandamus and prohibition are drastic remedies to be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (mandamus); *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983) (prohibition). Writs of prohibition and mandamus may not be used as substitutes for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007) (mandamus); *In re Vargas*, 723 F.2d at 1468 (prohibition). Relief under these writs is available only when the party seeking relief shows that his right to issuance of the writ is "clear and indisputable" and he has "no other adequate means" to obtain the relief he desires. *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (internal quotation marks omitted). The relief Tepe seeks is not available by way of mandamus or prohibition. Accordingly, we deny these portions of Tepe's petition.

2

As to Tepe's request for a writ of quo warranto, a private individual lacks standing to institute a quo warranto proceeding. *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545-46 (1915). Thus, this portion of Tepe's petition must be denied.

Accordingly, we deny Tepe's petition, deny his motions for costs and to expedite and accelerate decision, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*