**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-2028**

———————

In re:  HARRIS L. WINNS,

         Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia, at Richmond.  (3:24-cv-00241-DJN)

———————

Submitted:  November 18, 2024            Decided:  December 17, 2024

———————

Before RICHARDSON, RUSHING, and HEYTENS, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Harris L. Winns, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harris L. Winns petitions for a writ of mandamus seeking an order directing the district court to rule on his motion to strike a motion in his civil case, ordering recusal of the district court judge, directing the district court clerk to docket evidence Winns filed in his case, and removing the district court clerk from federal service. We conclude that Winns is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

Here, the district court recently dismissed Winns's amended complaint and denied his motion to strike as moot. *Winns v. DeJoy*, No. 3:24-cr-241 (E.D. Va. Nov. 5, 2024). Therefore, we deny as moot Winns's request for a writ of mandamus directing the district court to rule on his motion to strike. Although litigants may seek recusal by way of mandamus, *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987), the district court has entered a final order in the underlying action and no longer retains jurisdiction over it. Winns may challenge the denial of recusal in his appeal of the dismissal order. With respect to the rest of the relief that Winns seeks, that relief is not available by way of mandamus. According, we deny the petition for a writ of mandamus. We also deny Winns's motion for the

2

appointment of counsel.   We dispense with oral argument because the facts and legal contentions are adequately presented int eh materials before this court and argument would not aid the decisional process.

*PETITION DENIED*