**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1151**

———————

In re: EVELYN R. SINKLER,

      Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia, at Alexandria.  (1:24-cv-02364-MSN-LRV)

———————

Submitted:  March 11, 2025           Decided:  March 14, 2025

———————

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Evelyn R. Sinkler, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evelyn R. Sinkler petitions for a writ of mandamus seeking an order directing the district court to vacate its order granting an extension of time for the defendant in Sinkler's civil case to respond to Sinkler's complaint and denying Sinkler's motion to strike the defendants counsel's notice of appearance.  We conclude that Sinkler is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [she] desires."  *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

Mandamus may not be used as a substitute for appeal.  *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).  Here, Sinkler attempts to appeal the district court's orders.

The relief sought by Sinkler is not available by way of mandamus.  Accordingly, we deny the petition for writ of mandamus.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2