**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-1623**

—————————

In re:  WALLACE LINDSEY HOWELL, a/k/a Lindsey Howell,

      Petitioner.

—————————

On Petition for Writ of Mandamus to the United States District Court for the District of South Carolina, at Greenville.  (6:24-cv-05560-JDA-WSB)

—————————

Submitted:  August 28, 2025                 Decided:  October 1, 2025

—————————

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

—————————

Petitions denied by unpublished per curiam opinion.

—————————

Wallace Lindsey Howell, Petitioner Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wallace Lindsey Howell petitions for a writ of mandamus seeking an order vacating the district court's interlocutory orders, striking Defendant's motion for an extension of time, and entering default judgment against Defendant. We conclude that Howell is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

The relief sought by Howell is not available by way of mandamus. Accordingly, we grant the motion to file a supplemental petition for a writ of mandamus, deny his motion for judicial notice, and deny the petitions for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*

2