**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-2249**

─────────────

In re: PAUL SCHULTZ,

　　　　　Petitioner.

─────────────

**No. 25-2439**

─────────────

In re: PAUL DAVID SCHULTZ,

　　　　　Petitioner.

─────────────

On Petitions for Writs of Mandamus to the United States Bankruptcy Court for the Eastern District of Virginia, at Alexandria.  (24-11959-KHK; 24-01058-KHK; 25-01026-KHK)

─────────────

Submitted:  December 30, 2025　　　　　　　　　　　Decided:  January 8, 2026

─────────────

Before WILKINSON, KING, and RUSHING, Circuit Judges.

─────────────

Petitions denied by unpublished per curiam opinion.

─────────────

Paul Schultz, Petitioner Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Paul Schultz petitions for writs of mandamus, requesting this court to reassign his ongoing bankruptcy proceedings to another judge, and seeking orders directing the bankruptcy court to rule on pending motions, vacate orders entered against Schultz, reconsider orders, issue various rulings, correct the record, and conduct an investigation against his creditors for allegedly fraudulent behavior. Schultz further requests that this court temporarily stay all bankruptcy proceedings below pending the resolution of his mandamus petitions.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown*, LLC, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified).

First, regarding Schultz's claims that the bankruptcy court has not ruled on his motion to disqualify counsel and his motion for an adverse inference, our review of the bankruptcy court's docket reveals that the court recently ruled on these motions. Schultz's request is therefore moot. Schultz further asks for an order directing the bankruptcy court to vacate orders entered against him, reconsider orders, issue various rulings, correct the record, and conduct an investigation against his creditors for allegedly fraudulent behavior. We conclude that the relief sought by Schultz is not available by way of mandamus. Furthermore, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). To the extent Schultz requests this court to

2

reassign his proceedings to a different judge, Schultz has not established a basis to disqualify the bankruptcy judge. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Accordingly, although we grant Schultz's motion to supplement his petition filed in No. 25-2249, we deny the emergency petitions for writ of mandamus, and deny as moot Schultz's emergency motions for stay pending the resolution of his mandamus petitions and the emergency motion for temporary administrative stay filed in No. 25-2249. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*