**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-2459**

---

In re: XAVER MONTEZ BOSTON, a/k/a Romeo, a/k/a Rome, a/k/a Ro,

     Petitioner.

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Charlotte.  (3:18-cr-00095-GCM-DCK-1)

---

Submitted:  January 7, 2026                          Decided:  January 21, 2026

---

Before KING, AGEE, and RICHARDSON, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Xaver Montez Boston, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xaver Montez Boston petitions for a writ of mandamus, alleging that the district court has unduly delayed in acting on his initial and amended 28 U.S.C. § 2255 motions to vacate. He requests that this court issue a default judgment in his favor in the § 2255 proceeding, or—absent a default judgment—"remand this case for [an] evidentiary hearing with instructions calling for a modified award in [his] punishment." We conclude that Boston is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified). Further, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

The relief sought by Boston is not available by way of mandamus. Accordingly, we deny the petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2