**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 26-1193**

———————————

In re:  NICOLE HENRY,

         Petitioner.

———————————

On Petition for Writ of Mandamus from the United States District Court for the Southern District of West Virginia, at Beckley.  (5:22-cv-00405)

———————————

Submitted:  February 20, 2026                  Decided:  March 17, 2026

———————————

Before KING and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Stephen Paul New, STEPHEN NEW & ASSOCIATES, Beckley, West Virginia, for Petitioner.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicole Henry petitions for a writ of mandamus seeking an order directing the district court to (1) vacate its July 14, 2025 order summarily denying the plaintiffs' unilateral motion for preliminary approval of the class settlement, and (2) conduct an analysis under Federal Rule of Civil Procedure 23(e) to evaluate whether the settlement was "fair, reasonable, and adequate." Alternatively, Henry requests that her petition be considered an appeal from the July 14 order.

Mandamus is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

We conclude that the petitioner is not entitled to mandamus relief. Because the district court had denied class certification, the court had no obligation under Rule 23(e) to evaluate any proposed settlement agreement.* With regard to petitioner's alternative argument, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

---

* To the extent petitioner also seeks a writ of prohibition to prevent the court "from taking further action that circumvents the procedural protections established for class action settlements," we deny her request for the same reasons. *See In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*