**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 26-1452**

---

In re: KENNETH ANDERSON BROWN,

        Petitioner.

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia, at Richmond.

---

Submitted:  May 28, 2026                                      Decided:  June 2, 2026

---

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Petitions denied by unpublished per curiam opinion.

---

Kenneth Anderson Brown, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Anderson Brown petitions for a writ of mandamus, seeking an order from this court directing the district court to docket his proposed action as a Bill in Equity rather than a civil action, to administer the action as an equitable action, and to conduct proceedings ex parte and in camera.[*]  In a self-styled "Emergency Application for Immediate Hearing, Special Setting, and Preservation of Trust Res in Exclusive Equity, as a Special Cause at a Special Term" that we construe as a supplemental petition for a writ of mandamus, Brown requests that this court set the matter for a hearing in "exclusive equity"; direct the district court to docket and administer his Bill in Equity according to its equitable character; require assignment of a case number that reflects the nature of his action as a special cause in equity; preserve the "status quo concerning the trust corpus, beneficial interests, equitable estate, and associated proceeds pending determination"; direct that the action proceed under seal and be adjudicated "ex parte, in camera, and in chambers"; compel "faithful stewardship, accounting, preservation, and impartial administration by all persons acting in possession, custody, administration, or control of the trust res and appurtenant interests"; and prevent "further unjust enrichment, concealment, conversion, trespass, administrative interference, or impairment adverse to the equitable estate."  We conclude that Brown is not entitled to mandamus relief.

---

[*] Brown moves to seal the mandamus petition and the attachments accompanying it.  We grant the motion in part, direct the sealing of Brown's proposed in forma pauperis application present at pages 116 through 118, and deny the motion in part.

2

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

The relief sought by Brown is not available by way of mandamus. Accordingly, we deny the petition and the supplemental petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*

3