**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 22-1588**

────────────

In re: JEFFREY BRIAN COHEN,

      Petitioner.

────────────

On Petition for Writ of Mandamus.  (1:14-cr-00310-GLR-1)

────────────

Submitted:  July 28, 2022                    Decided:  August 1, 2022

────────────

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

────────────

Petition denied by unpublished per curiam opinion.

────────────

Jeffrey Brian Cohen, Petitioner Pro Se.  Stephanie Williamson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Brian Cohen petitions for a writ of mandamus seeking an order directing the district court to schedule a hearing to adjudicate the interest of IDG Companies, LLC, in property seized and/or forfeited during the course of Cohen's criminal prosecution.  We conclude that Cohen is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  Mandamus relief is available only when the "petitioner has shown a clear and indisputable right to the requested relief" and "has no other adequate means to attain the relief [he] desires."  *Murphy-Brown*, 907 F.3d at 795 (cleaned up).

Upon review of Cohen's petition and the district court's docket, we conclude that Cohen fails to demonstrate a clear and indisputable right to the specific relief he seeks.  Moreover, insofar as Cohen's petition could be liberally construed to allege unreasonable delay by the district court in ruling on IDG's January 2019 petition and Cohen's April 2022 motion to renew that petition, we conclude that the present record does not reveal undue delay in the district court.[*]

---

[*] In reaching this conclusion, we rely in part on the district court's July 2020 ruling on Cohen's motion for entry of default, which Cohen did not appeal.  *See In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007) (recognizing that mandamus "may not be used as a substitute for appeal").

Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*