**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-7381

_____

JEFFREY DEGREE,

  Plaintiff - Appellant,

   v.

BLACKSBURG POLICE DEPARTMENT; CHEROKEE COUNTY SHERIFF'S DEPARTMENT,

  Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:22-cv-02259-BHH)

_____

Submitted:  February 21, 2023                    Decided:  February 24, 2023

_____

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Jeffrey Degree, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Degree seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice for failure to prosecute and failure to comply with the court's orders. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 15, 2022. Degree filed the document construed as his notice of appeal[1] on November 21, 2022.[2] Because Degree failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[1] To the extent Degree seeks appellate review of the district court's order pursuant to a petition for a writ of mandamus, such review is not available by way of mandamus. *See In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007) (explaining that mandamus "may not be used as a substitute for appeal").

[2] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Degree could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*