**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-2107**

———————

In re:  JAMAR MARVIN SIMMONS, a/k/a Mar,

Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the District of Maryland, at Baltimore.  (1:13-cr-00061-GLR-1)

———————

Submitted:  December 19, 2024                    Decided:  December 23, 2024

———————

Before KING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Jamar Marvin Simmons, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Marvin Simmons petitions for a writ of mandamus, alleging that the district court has unduly delayed acting on his Fed. R. Civ. P. 60(d)(1) motion for relief from his criminal judgment. He seeks an order from this court directing the district court to act. He further requests that this court order the district judge to recuse himself and, finally, that this court equitably toll the relevant statute of limitations to enable him to file an employment discrimination claim against his former employer.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Mandamus relief is available only when the petitioner has a clear right to the relief sought and "ha[s] no other adequate means to attain the relief [the petitioner] desires." *Murphy-Brown*, 907 F.3d at 795 (first alteration in original) (quotation omitted). Furthermore, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

Our review of the district court's docket reveals that the district court denied Simmons's Rule 60(d)(1) motion on October 30, 2024. Because the district court has recently decided Simmons's case, we deny the mandamus petition to the extent it alleges undue delay. As to Simmons's remaining requests, we similarly conclude that he has not satisfied his "heavy burden of showing that he" is entitled to mandamus relief. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

Accordingly, we deny the petition for writ of mandamus.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*