**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1039**

———————

In re: JOE NATHAN PYATT, JR.,

        Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:23-hc-02209-D)

———————

Submitted:  March 27, 2025                          Decided:  April 17, 2025

———————

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Joe Nathan Pyatt, Jr., Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Nathan Pyatt, Jr., petitions for a writ of mandamus seeking an order directing the district court to dismiss the underlying proceeding, which was brought pursuant to 18 U.S.C. § 4246(a). We conclude that Pyatt is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (internal quotation marks, alteration, and brackets omitted).

The relief sought by Pyatt is not available by way of mandamus. For instance, to the extent Pyatt seeks relief from the district court's order granting the Government's motion to stay, mandamus may not be used as an alternative to appealing that order, *see In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007), and we cannot review the Florida district court's commitment order, *see* 28 U.S.C. § 1294(1) (providing that this court's jurisdiction is limited to appeals from final decisions of the district courts in this circuit). In addition, mandamus relief is unavailable to challenge an order finding an individual subject to a civil commitment statutory provision where one court's competency finding could obviate the need to move forward with commitment proceedings. *See United States v. Carrington*, 91 F.4th 252, 256, 269-70 & n.12 (4th Cir. 2024); *see also United States v. Pyatt*, No. 5:23-hc-02209-D (E.D.N.C., PACER No. 5 at 1-2) (Government's motion to stay explaining "that a finding of competency by the . . . Florida [district court]

2

would allow the criminal proceedings to move forward and negate the need for the instant commitment proceeding).

As Pyatt has not established a clear right to the "extraordinary" relief he seeks and that he "has no other adequate means to attain the relief [he] desires," *Murphy-Brown*, 907 F.3d at 795 (internal quotation marks and brackets omitted), we deny the petition for writ of mandamus. We also deny Pyatt's Motion for Summary Reversal and Vacatur. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3