**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1390**

_____

In re: ANDRE WILBURN,

        Petitioner.

_____

On Petition for Writ of Mandamus to the United States District Court for the Northern District of West Virginia, at Wheeling.  (5:25-cv-00057-JPB-JPM)

_____

Submitted:  June 17, 2025                                      Decided:  June 20, 2025

_____

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Andre Wilburn, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Wilburn petitions for a writ of mandamus seeking an order reversing the district court's order denying his 28 U.S.C. § 2241 petition. We conclude that Wilburn is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

To the extent Wilburn assigns error to the district court's decision to deny the § 2241 petition, mandamus may not be used as an alternative to appeal. *See In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Moreover, Wilburn "has . . . other adequate means to attain the relief [he] desires." *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (alteration and internal quotation marks omitted); *see, e.g.*, 28 U.S.C. § 2255(f)(1) (providing one year limitation period to file 28 U.S.C. § 2255 motion, which commences, in relevant part, on "the date . . . the judgment of conviction becomes final"); *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires.").

2

We therefore deny the mandamus petition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*