**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1786**

_____

In re: JAMES NATHANIEL DOUSE,

       Petitioner.

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:24-cv-00277-M-BM)

_____

Submitted:  August 21, 2025               Decided:  August 26, 2025

_____

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

James Nathaniel Douse, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Nathaniel Douse petitions for a writ of mandamus complaining about a data security breach involving his personal information and seeking a permanent injunction against the United States and Greylock McKinnon Associates, Inc. ("GMA"). We conclude that Douse is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

The data breach about which Douse complains is the subject of a federal civil action Douse brought against the United States and GMA, *see Douse v. United States*, No. 5:24-cv-00277-M-BM (E.D.N.C., PACER No. 1), and the dismissal of that action was the subject of a separate appeal in this court, *see Douse v. United States*, Appeal No. 25-1837. Thus, to the extent Douse is attempting to use mandamus as a substitute for appeal of the district court's dismissal order, mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). And to the extent Douse asks that the United States and GMA be permanently enjoined from disclosing additional information, Douse fails to establish "a clear and indisputable right to the requested relief." *Murphy-Brown*, 907 F.3d at 796 (internal quotation marks omitted); *see, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28

2

U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").

Accordingly, we deny the petition for a writ of mandamus. We also deny all pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*