**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1760**

_____

In re: CHANDA MANDISA LOWRANCE,

 Petitioner.

_____

On Petition for Writ of Mandamus to the United States District Court for the District of Maryland, at Baltimore.  (1:25-cv-01890-JRR)

_____

Submitted:  August 21, 2025                    Decided:  October 9, 2025

_____

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Chanda Mandisa Lowrance, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chanda Mandisa Lowrance petitions for a writ of mandamus, seeking an order from this court compelling a ruling on an arbitration motion in her civil action against Twitch Interactive, Inc. (TEI), remanding the action to state court, reviewing claimed obstruction by the clerk, sanctioning TEI, and ordering the recusal of the district court judge. Lowrance also moves to remand the case, to disqualify or recuse the district court judge, to sanction TEI, for other relief following the claimed destruction of evidence by TEI, for the imposition of sanctions on the district court, to issue a writ of mandamus, to retain jurisdiction, to publish this opinion, to clarify, and to issue an order directing the clerk of the district court to show cause.

We conclude that Lowrance is not entitled to mandamus relief. Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [she] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). The relief sought by Lowrance is not available by way of mandamus. Accordingly, we deny Lowrance's motions to remand the case, to disqualify or recuse the district court judge, to sanction TEI, for other relief, for the imposition of sanctions on the district court, to issue a writ of mandamus, to retain jurisdiction, to publish this opinion, to clarify, and to issue an order directing the clerk of the district court to show cause and deny the petition

2

for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*